698 N.E.2d 355 (1998)
L.A.F., Appellant-Respondent,
v.
STATE of Indiana, Appellee-Petitioner.
No. 49A02-9802-JV-113.
Court of Appeals of Indiana.
August 5, 1998.
Sarah L. Nagy, Indianapolis, for Appellant-Petitioner.
Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellee-Petitioner.

OPINION
STATON, Judge.
L.A.F. appeals from his adjudication as a delinquent for Carrying a Handgun without a License, a class A misdemeanor when committed by an adult.[1] L.A.F. raises three issues on appeal, one of which is dispositive: whether the evidence supporting L.A.F.'s delinquency determination was obtained as the result of an unconstitutional search.
We reverse.
Housing Authority Police Officer James Black and a deputy sheriff were patrolling a housing complex at 12:30 a.m. The officers noticed an individual standing next to a car and approached him to check for a possible curfew violation. While they questioned that individual, the officers noticed L.A.F., who was sleeping in the back seat of the car. L.A.F. exited the car at the officers' request and was asked to identify himself. The deputy sheriff then conducted a pat-down search and found a .22 caliber handgun in L.A.F.'s pocket.
L.A.F. contends that this warrantless search was unconstitutional, and accordingly, that the trial court erred by admitting the gun into evidence. The Fourth Amendment of the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures...." Searches conducted outside the judicial process, without prior approval by a judge or magistrate, are per se unreasonable under the Fourth Amendmentsubject only to a few specific and well delineated exceptions. Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 2135, 124 L.Ed.2d 334 (1993). One recognized exception is where a police officer detains a person for investigative purposes. Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). During such a detention, the police may conduct a limited frisk of an individual in certain circumstances.
[T]here must be narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, *356 where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger. And in determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or "hunch," but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experiences.
Id. at 27, 88 S.Ct. 1868 (citations omitted).
When evaluating determinations of reasonable suspicion, we accept the factual findings of the trial court unless they are clearly erroneous. Ornelas v. United States, 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996). Findings of fact are clearly erroneous when the record lacks any facts or reasonable inferences to support them. State v. Hollins, 672 N.E.2d 427, 430 (Ind.Ct. App.1996), trans. denied. When determining whether the findings are clearly erroneous, we consider only the evidence most favorable to the judgment and the reasonable inferences flowing from that evidence. Id. We will not judge witness credibility or reweigh the evidence. Id. However, the ultimate determination of reasonable suspicion is reviewed de novo. Ornelas, 116 S.Ct. at 1663.
Although L.A.F.'s initial detention to check for a curfew violation may have been constitutionally appropriate, Officer Black failed to identify any specific and articulable facts which justified the additional frisk that resulted in the gun being discovered. Officer Black did testify that the pat-down was conducted for "officer safety," but this general assertion does not articulate the specific facts which caused the officers to fear for their safety. The fact that the officers were investigating L.A.F. and another individual for curfew violations and that L.A.F. had been sleeping in a car at the time the officers arrived is insufficient for a reasonably prudent man to be warranted in the belief that his safety or that of others was in danger. See, Banks v. State, 681 N.E.2d 235, 239 (Ind.Ct.App.1997) (An officer's suspicion that a person is drinking underage is insufficient to justify Terry frisk). Although the officers may have been aware of additional facts and circumstances which caused them to believe that L.A.F. might be armed and dangerous, the State failed to present them. Accordingly, we hold that the trial court erred by admitting the fruit of this unconstitutional search into evidence.[2]
Reversed.
RUCKER and DARDEN, JJ., concur.
NOTES
[1] IND.CODE §§ 35-47-2-1 and 35-47-2-23 (1993 & Supp.1997).
[2] We note that the trial court justified the admission of the gun on the grounds that the police had a right to arrest L.A.F. for a curfew violation since he was only fifteen and that the gun was recovered in a search incident to a lawful arrest. Record at 42. This justification cannot stand because there is no evidence which indicates that the officers had probable cause to believe L.A.F. was under age, and therefore violating curfew, at the time he was frisked. With respect to what occurred between the time L.A.F. was discovered in the car and frisked, Officer Black could only testify that L.A.F. may have been asked his name. Record at 40.