**Richard W. PLUE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–9907–CR–479.

Court of Appeals of Indiana.

Dec. 28, 1999.

Patrick R. Ragains, Smith, Ragains & Cotton, Anderson, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Liisi Brien, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

MATTINGLY, Judge

Richard W. Plue appeals the revocation of his probation. He raises two issues which we restate as: 1) Whether the trial court erred in denying Plue's motion to suppress evidence allegedly obtained during an unreasonable search and seizure; and 2) Whether the trial court erred by denying Plue's motion to suppress a custodial statement he made to the police.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On July 15, 1996, Plue entered a plea of guilty to driving while intoxicated, a Class D felony, and was sentenced to three years in jail. The trial court suspended Plue's entire sentence and placed him on three years probation.

On September 18, 1998, Elwood City Police Department Officer Jason Brizendine was driving by a self-storage facility when he saw Plue hunched over in front of an open unit. As there had been several burglaries in the area, Officer Brizendine stopped to question Plue. Plue jumped up when Officer Brizendine approached him. The officer ordered Plue to stand still and asked him what he was doing. Plue responded that he had rented the storage unit which was open behind him. Officer Brizendine could see into the open storage

unit as he spoke to Plue. He observed a white powder spread out on top of a dresser, baking soda, distilled water, a grill, and a metal lid from a baby food jar containing a residue.

When Officer Brizendine asked Plue for identification, Plue reached for his wallet and Officer Brizendine conducted a pat-down search of Plue. The officer noticed an object that felt like a pipe in one of Plue's pockets and asked Plue what the object was. Plue responded that it was a lighter, and then turned and jerked away from Officer Brizendine. After Plue moved about three steps away, Officer Brizendine captured Plue, handcuffed him and read him his *Miranda* warnings. Officer Brizendine then asked Plue what was in the baby food jar lid and Plue admitted there was cocaine in the lid.

Plue was charged with dealing in cocaine, a Class B felony[1]; possession of cocaine, a Class C felony[2]; maintaining a common nuisance, a Class D felony[3]; and possession of paraphernalia, a Class D felony[4]. The State also filed a notice of probation violation. During the hearing to revoke Plue's probation, Plue objected to admission of the evidence found in his storage unit, arguing that the officer's search exceeded the scope of the investigatory stop. He also objected to the admission of his confession as the fruit of the illegal stop. Both objections were overruled and the trial court revoked Plue's probation.

## DISCUSSION AND DECISION

The decision whether to revoke probation is a matter within the sound discretion of the trial court. *Hubbard v. State*, 683 N.E.2d 618, 620 (Ind.Ct.App. 1997). The court determines the conditions of probation and may revoke probation if the conditions are violated. *Isaac v. State*, 605 N.E.2d 144, 146 (Ind.1992).

Probation revocation is governed by Ind. Code § 35–38–2–3. A revocation hearing is in the nature of a civil proceeding, so the alleged violation need be proven by only a preponderance of the evidence. *Id.* at 147. If there is substantial evidence of probative value to support the trial court's decision that the probationer is guilty of any violation, revocation of probation is appropriate. *Williams v. State*, 695 N.E.2d 1017, 1018 (Ind.Ct.App.1998).

Plue argues that the search and seizure pursuant to which the evidence was obtained from the open storage unit was unreasonable. He asserts that once Officer Brizendine determined that Plue had rented the storage unit and was not stealing from it, his questioning of Plue should have stopped. We disagree. Because the determination that a condition of probation has been breached is not an adjudication of guilt, a defendant is not endowed with all the rights he possessed prior to his conviction. *Henderson v. State*, 544 N.E.2d 507, 512 (Ind.1989). In *Dulin v. State*, 169 Ind.App. 211, 219, 346 N.E.2d 746, 751 (1976), we noted that:

> [T]he courts have found it unnecessary to fully apply the exclusionary rule when dealing with probation revocation. Rather, it appears that evidence seized illegally will be excluded only if it was seized as part of a continuing plan of police harassment or in a particularly offensive manner.

*See also Pennsylvania Bd. of Probation and Parole v. Scott*, 524 U.S. 357, 363–365, 118 S.Ct. 2014, 2020, 141 L.Ed.2d 344 (1998) (holding that the federal exclusionary rule does not extend to proceedings other than criminal trials and does not bar the introduction at parole revocation hearings of evidence seized in violation of parolees' Fourth Amendment rights). Plue does not claim he was harassed by the police, nor was the evidence in this case

1. Ind.Code § 35–48–4–1.

2. Ind.Code § 35–48–4–6.

3. Ind.Code § 35–48–4–13.

4. Ind.Code § 35–48–4–8.3.

seized in a particularly offensive manner. As a result, even if the search were illegal,[5] the evidence seized was properly admitted and the trial court did not err in overruling Plue's objection.

 Plue further argues that his custodial statement to Officer Brizendine identifying the substance contained in the baby food jar lid as cocaine "was a product of the illegal search and was not done with proper waiver of Plue's rights under the State and federal Constitutions." (Br. of Appellant at 8.) We note initially that Officer Brizendine read Plue his *Miranda* rights and Plue acknowledged that he understood them. Furthermore, as noted above, for the purposes of the hearing on the revocation of probation, the evidence was properly admitted even if there were an illegal search. As a result, the admission of Plue's statement to Officer Brizendine that the substance was cocaine was not error.

As the evidence introduced by the State was properly admitted, there was sufficient evidence that Plue violated the terms of his probation.

Affirmed.

BAKER, J., and KIRSCH, J., concur.

---

**5.** The record indicates the items in the storage area were in plain view. Plue does not explain in his brief how the protections against illegal searches and seizures would be implicated in this situation where the challenged evidence was in plain view.