735 N.E.2d 273 (2000)
In the Matter of C.S., Appellant-Defendant,
v.
STATE of Indiana, Appellee-Plaintiff.
No. 49A05-9912-JV-567.
Court of Appeals of Indiana.
September 8, 2000.
*274 Elizabeth Gamboa, Indianapolis, Indiana, Attorney for Appellant.
Karen M. Freeman-Wilson, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

OPINION
BAKER, Judge
C.S., a juvenile, appeals an adjudication finding him to be a delinquent child for possessing a firearm on school property, an act which would be a Class C felony if committed by an adult,[1] and the revocation of his probation. Specifically, he maintains that the adjudication must be reversed because the trial court erred in admitting a handgun into evidence that was found on C.S. during a pat down search by a school official. C.S. also maintains that the evidence was insufficient to support the revocation of C.S.'s probation.

FACTS
On July 23, 1999, C.S. was adjudicated a delinquent child and placed on probation until October 21, 1999. As a condition of his probation, C.S. was barred from possessing *275 a gun. On August 9, 1999, C.S. was attending summer school when Indianapolis Public Schools ("IPS") police officer Sergeant Gaines received information about C.S. from another student. Upon receiving such information, Sergeant Gaines removed C.S. from class and "[g]ave him a pat down search for officer safety." R. at 88. During the search, Sergeant Gaines discovered a handgun in C.S.'s pants pocket.
As a result of this incident, the State filed a notice of delinquency against C.S. for the offenses of carrying a handgun without a license as a class C felony and possession of a firearm on school property, a class D felony.[2] The State also filed a notice of probation violation, alleging that C.S. had violated the terms of his probation by committing the offenses of "possession of a handgun on school property, disorderly conduct, intimidation and carrying a handgun without a license." R. at 18. At a hearing on both notices, the juvenile court found C.S. to be a delinquent child as charged, although it merged the two offenses for the purposes of disposition. The juvenile court also determined that C.S. had violated his probation and sentenced C.S. to six months incarceration. C.S. now appeals.

DISCUSSION AND DECISION

I. Admission of Handgun
C.S. first contends that the trial court erred in admitting the handgun into evidence that was found in his possession during a pat down search by Sergeant Gaines. Specifically, C.S. contends that the admission of the handgun violated his rights against unreasonable search and seizure under the Fourth Amendment to the United States Constitution and article I, section 11 of the Indiana Constitution.[3]
To resolve this issue, we initially observe that a trial court possesses broad discretion in ruling on the admissibility of evidence, and we will not disturb its decision absent a showing of an abuse of that discretion. D.I.R. v. State, 683 N.E.2d 251, 252 (Ind.Ct.App.1997). A judicially issued search warrant is a condition precedent to a lawful search, but an exception to the warrant requirement permits school officials to search students in a school setting under a less stringent standard. D.B. v. State, 728 N.E.2d 179, 181 (Ind.Ct.App. 2000). The United States Supreme Court recently commented that the reasonable expectation of Fourth Amendment privacy is diminished in quarters such as airports and schools. Florida v. J.L., 529 U.S. 266, ___, 120 S.Ct. 1375, 1380, 146 L.Ed.2d 254 (2000). The legality of a student search by a school official depends upon the reasonableness of the search under all of the circumstances. See New Jersey v. T.L.O., 469 U.S. 325, 341, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). Moreover, a school official's search of a student is not subject to the Fourth Amendment's warrant and probable cause requirements. Id.
This court has adopted a two-part test established by the United States Supreme Court to determine whether the search is reasonable. See Berry v. State, 561 N.E.2d 832 (Ind.Ct.App.1990). Specifically, the search must first be justified at its inception. D.I.R., 683 N.E.2d at 253. Under ordinary circumstances, a student search will be justified at its inception when there are reasonable grounds for suspecting that the search will turn up evidence that the student is violating or *276 has violated either the law or a school rule. Id. Second, the search must be reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction. Id.
In the instant case, the evidence presented at the hearing demonstrated that Sergeant Gaines received information from a student about C.S. that caused her to remove C.S. from the classroom .[4] Sergeant Gaines testified that she was concerned for her safety and proceeded to conduct a pat down search for that reason. R. at 88. Inasmuch as Sergeant Gaines testified that she was concerned for her safety, the search of C.S. was justified from its inception. See S.A. v. State, 654 N.E.2d 791, 796 (Ind.Ct.App.1995), trans. denied (search of juvenile's bag was justified from inception where a student provided information that the defendant may have stolen property); see also Berry, 561 N.E.2d at 837 (search of juvenile's jacket was justified from inception where teacher reported that juvenile committed a school infraction). While Sergeant Gaines' actions may not have satisfied the warrant and probable cause requirements in some other environment, the protective search of C.S. just outside the classroom was permissible. See Florida v. J.L., 529 U.S. at ___, 120 S.Ct. at 1380.
We also note that the search was reasonably related to the objectives of the search inasmuch as Sergeant Gaines conducted only a minimally intrusive pat down of C.S.'s clothing to determine whether he possessed any contraband. Once the gun was discovered, Sergeant Gaines ceased the search. As a result, we conclude that under all of the circumstances presented here, the search of C.S. was reasonable and the handgun was properly admitted.

II. Determination of Delinquency and Probation Revocation
C.S. next claims that the evidence was insufficient to support the finding that he was a delinquent child. Similarly, he contends that the evidence was not sufficient to support the probation revocation.
When this court reviews sufficiency of the evidence claims with respect to juvenile adjudications, we neither reweigh the evidence nor judge the credibility of witnesses. Fields v. State, 679 N.E.2d 898, 900 (Ind.1997); Moran v. State, 622 N.E.2d 157, 159 (Ind.1993). The State is required to prove, beyond a reasonable doubt, that the juvenile committed the charged act. Moran, 622 N.E.2d at 159. We consider only the evidence most favorable to the judgment and the reasonable inferences therefrom and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. Blanche v. State, 690 N.E.2d 709, 712 (Ind.1998).
We next observe that a probation revocation hearing is in the nature of a civil proceeding and the decision to revoke is a matter within the sound discretion of the trial court. Plue v. State, 721 N.E.2d 308, 310 (Ind.Ct.App.1999). The State need prove the alleged violation only by a preponderance of the evidence. Id. As with challenges to the sufficiency of the evidence in delinquency proceedings, we will affirm a decision to revoke probation if there is substantial evidence of probative value to support the trial court's conclusion that a probationer has violated any condition of probation. Cox v. State, 706 N.E.2d 547, 551 (Ind.1999).
In addressing the issues that C.S. presents today, we note that to convict C.S. of carrying a handgun without a license as a class C felony, the State was required to prove that he carried a handgun within 1000 feet of school property.
*277 I.C. § 35-47-2-1. The offense of possessing a firearm on school property is governed by I.C. § 35-47-9-2, which provides in relevant part that "[a] person I who possesses a firearm ... in or on school property ... commits a Class D felony." Once the State demonstrates that the defendant carried a handgun on or about his person, away from his dwelling or business, the burden shifts to the defendant to establish that he possessed a valid license. Harris v. State, 716 N.E.2d 406, 411 (Ind. 1999). Proof that a defendant had a license is an exception to the offense, and the burden is on the defendant to prove he possessed a valid license. Id.
In the instant case, Sergeant Gaines testified that fourteen-year-old C.S. had a .25 caliber automatic handgun in his left front pants pocket. R. at 87-89. Because an individual must be eighteen years of age or older to qualify for a license to carry a handgun, C.S. cannot meet the burden of demonstrating that he had a license to carry the pistol. As a result, the evidence was sufficient to support the conclusion that C.S. was a delinquent child with respect to the handgun charges. Additionally, we note that the same evidence supported the revocation of C.S.'s probation. The evidence established that C.S. violated the terms of his probation because he did not obey all laws and possessed a firearm. Thus, the evidence was also sufficient to support the revocation of C.S.'s probation.
Judgment affirmed.
ROBB, J., concurs.
SHARPNACK, C.J., concurs and dissents, with opinion.
SHARPNACK, C.J., concurring in part and dissenting in part.
I respectfully disagree with the majority's conclusion that Sergeant Gaines' search of C.S. was constitutionally valid, and as a result I also conclude that there was insufficient evidence to support the trial court's finding that C.S. is a delinquent child. I agree with the majority that the evidence was sufficient to support the trial court's revocation of C.S.'s probation, but I reach that conclusion by different reasoning.
The standard by which we analyze school searches is whether the search is reasonable under all the circumstances. New Jersey v. T.L.O., 469 U.S. 325, 341, 105 S.Ct. 733, 742-743, 83 L.Ed.2d 720 (1985). A school search is reasonable when it is justified at its inception and when the search must be reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction. D.I.R. v. State, 683 N.E.2d 251, 253 (Ind.Ct.App.1997). I do not agree that the search here was justified at its inception.
A search is justified at its inception when there are reasonable grounds for suspecting that the search will turn up evidence that the student is or has violated either the law or a school rule. Id . In this case, all that the record reveals is that Sergeant Gaines received information from a student about C.S. that caused her to remove C.S. from the classroom and search him.[5] I conclude that this evidence is insufficient to demonstrate that Sergeant Gaines had a reasonable basis to suspect that C.S. was violating the law or school rules. See id. (determining that a school official's search of a student was unconstitutional because the school official had no reasonable grounds to suspect that the defendant was violating the law or school rules). Students have a diminished expectation of privacy in school, but school *278 officials must provide some justification for searching a student. The evidence in the record does not reveal any justification at all.
Furthermore, the search cannot be justified under the "officer safety" exception to the warrant requirement of the Fourth Amendment. Under this exception, an officer may pat down a suspect for weapons if he or she can point to specific reasonable inferences that would cause a reasonably prudent person to be warranted in the belief that his or her safety or that of others was in danger. See L.A.F. v. State, 698 N.E.2d 355, 356 (Ind.Ct.App.1998). In the instant case, Sergeant Gaines merely stated that she searched C.S. for "officer safety" without articulating any specific facts that would have warranted a belief that she was in danger. Such general assertions are insufficient to establish that a reasonably prudent person would be warranted in the belief that his or her safety was in danger. See id.
Consequently, I conclude that the trial court abused its discretion when it admitted the handgun into evidence for the purpose of adjudicating the delinquency charges against C.S., and I would reverse the trial court's finding that C.S. is a delinquent child. See, e.g., Jackson v. State, 669 N.E.2d 744, 750 (Ind.Ct.App.1996) (reversing a defendant's convictions for drug possession where the drugs were illegally seized and were the only evidence of guilt).
Turning to the probation revocation petition, I agree that a probation revocation hearing is in the nature of a civil proceeding, and because such a proceeding is not an adjudication of guilt, a defendant is not endowed with all of the rights he or she possessed before his conviction. Plue v. State, 721 N.E.2d 308, 310 (Ind.Ct.App. 1999). In addition, the exclusionary rule is not fully applicable to probation revocation proceedings, and illegally seized evidence "`will be excluded only if it was seized as part of a continuing plan of police harassment or in a particularly offensive manner.'" Id. (quoting Dulin v. State, 169 Ind.App. 211, 219, 346 N.E.2d 746, 751 (1976)).
Here, C.S. does not claim that Sergeant Gaines harassed him as part of a continuing plan. Furthermore, although an intrusion into an individual's privacy by means of a search should not be taken lightly, I cannot conclude that Sergeant Gaines' search of C.S. was conducted in a particularly offensive manner. See id. (determining that a search was not conducted in an offensive manner where the officer patted down, restrained, and handcuffed a probationer before discovering the challenged evidence). Consequently, even though Sergeant Gaines' search of C.S. was unconstitutional, the handgun was properly admitted for the purpose of adjudicating the probation revocation petition. See id. Because the handgun was properly admitted for the purpose of the probation revocation petition, I agree with the majority that the evidence is sufficient to support the trial court's revocation of C.S.'s probation.
I affirm the trial court's revocation of C.S.'s probation, but I would reverse the trial court's finding that C.S. is a delinquent child.
NOTES
[1] IND. CODE § 35-47-2-1; I.C. § 35-47-2-23.
[2] I.C. § 35-47-9-2.
[3] The Fourth Amendment provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
U.S. CONST. amend. IV. Article I, section 11 of the Indiana Constitution is virtually identical to the Fourth Amendment.
[4] The specific nature of the information that the student related to Sergeant Gaines was not admitted into evidence.
[5] As the majority indicates, the specific information that the student told to Sergeant Gaines was not admitted in evidence. A hearsay objection to it was sustained and no offer to prove was made. Because the information was most likely relevant to the issue of whether Sergeant Gaines had probable cause to call out C.S. and frisk him, it was most likely not hearsay and should have been admitted.