**Jesse MURPHY, Defendant–Appellant,**

**v.**

**STATE of Indiana, Plaintiff–Appellee.**

No. 49S00–0006–CR–370.

Supreme Court of Indiana.

May 23, 2001.

558

Kevin C.C. Wild, Indianapolis, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

DICKSON, Justice.

The defendant, Jesse Murphy, was convicted of dealing in cocaine,[1] possession of cocaine,[2] and two counts of resisting law enforcement.[3] He seeks appellate relief based on claims that the evidence presented at trial resulted from a suspicionless investigatory stop and that the State's closing argument was improper. We affirm the convictions.

---

1. Ind.Code § 35–48–4–1.

2. Ind.Code § 35–48–4–6.

3. Ind.Code § 35–44–3–3.

 The defendant contends that the police officer lacked reasonable suspicion to conduct an investigatory stop. The trial court denied the defendant's motion to suppress, and the defendant reiterated his objection at trial. In reviewing the trial court's decision, we consider the evidence favorable to the trial court's ruling and any uncontradicted substantial evidence to the contrary to determine whether there is sufficient evidence to support the ruling. *Ogle v. State*, 698 N.E.2d 1146, 1148 (Ind. 1998); *Vance v. State*, 620 N.E.2d 687, 691 (Ind.1993). We will set aside the findings of the trial court only if they are clearly erroneous. Ind.Trial Rule 52(A).

 Under the Fourth Amendment to the United States Constitution, a seizure of the individual does not occur until "the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 20 n. 16, 88 S.Ct. 1868, 1879 n. 16, 20 L.Ed.2d 889, 905 n. 16 (1968). The United States Supreme Court has subsequently interpreted that requirement in *Terry* to mean that seizure does not occur when the suspect fails to yield to law enforcement authority. *California v. Hodari D.*, 499 U.S. 621, 624–26, 111 S.Ct. 1547, 1550, 113 L.Ed.2d 690, 695–697, (1991).[4] But if a seizure occurs, the police may briefly detain an individual if under the totality of the circumstances the officer has a reasonable suspicion that the individual is engaged in or is about to engage in criminal activity. *United States v. Sokolow*, 490 U.S. 1, 7–8, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1, 10 (1989); *Terry*, 392 U.S. at 30, 88 S.Ct. at 1884–85, 20 L.Ed.2d at 911.

 At approximately 3:00 a.m., two officers in separate marked squad cars were patrolling a high crime area. As the officers drove northbound, they observed the defendant leaning into a car through the open driver's side door. The defendant looked in the direction of the police and, with a surprised expression, shut the car door and moved to a darkened area between two houses. Both officers stopped their cars, and one officer approached the defendant to investigate. The officer asked the defendant to stop. The defendant began to walk toward the officer with his hand in his pocket. Before reaching the officer, the officer asked him to remove his hand, and the defendant threw a baggie with a white substance in it onto the porch of one of the houses then turned and fled. The officer testified that he suspected the substance to be cocaine. At that time the defendant and the officer were about ten feet apart, and there was light from the street. The officers gave chase. One of the officers attempted to tackle the defendant, but, after dropping a second, larger bag of white substance, the defendant continued to run. The officers were subsequently able to subdue him.

The trial judge found this case "very similar" to *Hodari D.* and concluded that the initial encounter between the police and the defendant was not an illegal stop because there had been no physical seizure or a submission to authority. Record at 139–40. This finding is supported by the evidence and is not clearly erroneous. The trial judge also found that even if the attempted tackle by one of the officers was considered a seizure, the officers had reasonable suspicion, if not probable cause, to seize the defendant at that point. *Id.* at

---

4. The defendant's brief refers to Article 1, Section 11 of the Indiana Constitution, but offers no argument differentiating its protection from unreasonable search and seizure from that provided by the Fourth Amendment, and we therefore address only the federal claim.

140–41. We agree. The trial court did not err in denying the defendant's motion to suppress.

■■■■ In the defendant's second issue on appeal he argues that a statement by the prosecutor during closing argument constituted misconduct because it tended to shift the burden of proof onto the defendant.[5] There was no objection at trial. Appellate recourse is not available for the review of alleged trial misconduct when the complaining party fails to timely object at trial. *Stevens v. State,* 691 N.E.2d 412, 420 (Ind.1997). The defendant argues that the misconduct constituted "fundamental error," a doctrine under which an appellate claim may be considered notwithstanding the failure of contemporaneous trial objection. For this exception to apply, however, the alleged misconduct must have so prejudiced the defendant's rights as to make a fair trial impossible. *Id.* We decline to find fundamental error here.

The defendant's convictions are affirmed.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.

---

**5.** The defendant challenges the following statement by the prosecutor during closing argument: "So, was he going to deliver it to ... was he gonna sell on the street himself? Maybe so, it was certainly ready to go like that. There's absolutely nothing to say that it wasn't ready for that." Record at 234.