Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**MICHAEL FRISCHKORN**
Frischkorn Law LLC
Fortville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

FILED

Apr 18 2012, 9:41 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RAMON CRAWFORD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1108-CR-728 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48D01-0411-FB-367

April 18, 2012

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Ramon Crawford ("Crawford") appeals the trial court's revocation of his probation and the imposition of the previously suspended portion of his sentence. He raises the following restated issue for our review: whether the trial court abused its discretion when it denied his motion to suppress evidence discovered during a traffic stop because he contends that the justification for the traffic stop was not valid.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

In 2006, Crawford pleaded guilty to Class B felony dealing in a narcotic drug, and the trial court imposed a fifteen-year sentence, with nine years executed and six years suspended to probation. Crawford was released from the Department of Correction and began his period of probation in December 2009. In March 2011, the State filed a notice of violation of probation, alleging that Crawford had failed to complete his substance abuse treatment, failed to pay his probation fees, and failed to abstain from the use of illegal substances as he had tested positive for marijuana in February 2011.

On April 13, 2011, Anderson Police Officer Brian Gehrke ("Officer Gehrke") was patrolling southbound on Madison Avenue in Anderson, Indiana when he observed a red 1991 Ford Thunderbird directly in front of him. The left brake light of the vehicle, which also serves as the left rear turn signal, was not working. Officer Gehrke initiated a traffic stop of the vehicle at 19th Street and Madison Avenue.

When Officer Gehrke approached the vehicle, he observed a female driver and a male passenger, later identified as Crawford, sitting in the front seat. Officer Gehrke saw a clear, plastic baggie hanging out of Crawford's left pants pocket. After obtaining

driver's licenses from both occupants of the car, Officer Gehrke stepped back to run a driver's license check on the driver and a warrant check on Crawford. The officer lost sight of Crawford's hands and noticed Crawford making furtive movements with his left arm, as if he was pushing or pulling something down by his left leg or between the seats. This caused Officer Gehrke to be concerned for his safety because he did not know if Crawford had a weapon.

Officer Gehrke called for backup and asked Crawford to step out of the vehicle. Officer Gehrke then performed an outer clothing patdown search of Crawford in order to determine if Crawford had any weapons. The officer asked Crawford if he had anything on his person about which the officer should be aware, and Crawford replied that he had a baggie in his right front pocket. When Officer Gehrke ran his hand over Crawford's pocket, he felt small rock-like substances. He reached in the pocket and pulled out a baggie containing numerous, small, white rock-like substances that field tested positive for crack cocaine.

The State charged Crawford with Class B felony dealing in cocaine as a result of this discovery. On April 21, 2011, the State amended the notice of violation of probation to include this new charge. Crawford filed a motion to suppress in the probation revocation proceeding, and hearings were held on May 23, 2011 and June 20, 2011. At the May 23 hearing, Crawford admitted to the allegations that he failed to timely complete substance abuse treatment, failed to remain current with his probation fees, and had a urine screen that tested positive for marijuana. The trial court took the motion to suppress under advisement. On June 30, 2011, the trial court issued a "Memorandum

Decision Denying Suppression." On July 19, 2011, the trial court determined that, in addition to the previously admitted probation violations, Crawford had violated his probation by possessing cocaine and committing a new offense on April 13, 2011. The trial court ordered Crawford to serve five years of his previously-suspended sentence based on these violations. Crawford now appeals.

**DISCUSSION AND DECISION**

The decision whether to revoke probation is a matter within the sound discretion of the trial court. *Plue v. State*, 721 N.E.2d 308, 310 (Ind. Ct. App. 1999) (citing *Hubbard v. State,* 683 N.E.2d 618, 620 (Ind. Ct. App. 1997)). The court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.* (citing *Isaac v. State,* 605 N.E.2d 144, 146 (Ind. 1992), *cert. denied*, 508 U.S. 922 (1993)). Probation revocation is governed by Indiana Code section 35–38–2–3. A revocation hearing is in the nature of a civil proceeding, so the alleged violation need be proven by only a preponderance of the evidence. *Id.* If there is substantial evidence of probative value to support the trial court's decision that the probationer is guilty of any violation, revocation of probation is appropriate. *Id.* (citing *Williams v. State,* 695 N.E.2d 1017, 1018 (Ind. Ct. App. 1998)).

Crawford argues that the trial court abused its discretion when it denied his motion to suppress because the traffic stop of the vehicle in which he was a passenger violated the Fourth Amendment to the United State Constitution and Article I, section 11 of the Indiana Constitution. He contends that Officer Gehrke's justification for the traffic stop was invalid because it was not supported by reasonable suspicion. Therefore, he claims

4

that, because the initial traffic stop was invalid, any evidence discovered during the traffic stop should have been suppressed as fruit of the poisonous tree.

Our review of a motion to suppress is similar to our review of other sufficiency matters. *Bonner v. State*, 776 N.E.2d 1244, 1246-47 (Ind. Ct. App. 2002) (citing *Taylor v. State,* 689 N.E.2d 699, 702 (Ind. 1997)), *trans. denied*. The record must disclose substantial evidence of probative value that supports the trial court's decision. *Id.* We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Id.* However, when reviewing the trial court's decision, we also consider any uncontradicted substantial evidence supporting suppression of the evidence to determine whether there is sufficient evidence to support the ruling. *Id*. (citing *Murphy v. State,* 747 N.E.2d 557, 559 (Ind. 2001)).

Because a probation revocation hearing is in the nature of a civil action, it is not to be equated with an adversarial criminal proceeding. *Grubb v. State*, 734 N.E.2d 589, 591 (Ind. Ct. App. 2000), *trans. denied*. "As such, a probationer who is faced with a petition to revoke his probation, is not entitled to the full panoply of rights that he enjoyed prior to his conviction." *Id*. (quoting *Isaac*, 605 N.E.2d at 148). The reasoning behind this is that a probationer, who has already been convicted and had his sentence imposed, differs substantially from those individuals who have not yet been tried and convicted of those crimes that they are suspected of having committed. *Id*. Unlike the latter, a probationer's liberty is not enjoyed as a matter of right, but is dependent upon the trial court's discretion in granting probation. *Id*. Therefore, Indiana courts have noted that:

> [T]he courts have found it unnecessary to fully apply the exclusionary rule when dealing with probation revocation. Rather, it appears that evidence

> seized illegally will be excluded only if it was seized as part of a continuing plan of police harassment or in a particularly offensive manner.

*Plue*, 721 N.E.2d at 310 (citing *Dulin v. State*, 169 Ind. App. 211, 219, 346 N.E.2d 746, 751 (1976)). *See also Pa. Bd. of Prob. & Parole v. Scott*, 524 U.S. 357, 363-65 (1998) (holding that federal exclusionary rule does not extend to proceedings other than criminal trials and does not bar introduction at parole revocation hearings of evidence seized in violation of parolees' Fourth Amendment rights).

Here, Crawford does not claim that he was harassed by the police or that the evidence was seized in a particularly offensive manner. As a result, even if the seizure of the crack cocaine in this case was the result of an illegal detention, the evidence of that crack cocaine was properly admitted at Crawford's probation revocation hearing. Crawford contends that the State has waived its argument that the exclusionary rule does not apply to probation revocation hearings. However, "it is well-settled that '[t]he Court of Appeals may affirm the trial court's ruling [on the admissibility of evidence] if it is sustainable on any legal basis in the record, even though it was not the reason enunciated by the trial court.'" *Reeves v. State*, 953 N.E.2d 665, 670 (Ind. Ct. App. 2011) (quoting *Scott v. State,* 883 N.E.2d 147, 152 (Ind. Ct. App. 2008)), *trans. denied.* We conclude that the trial court did not abuse its discretion when it denied Crawford's motion to suppress and allowed the evidence discovered during the traffic stop to be admitted at his probation revocation hearing. Therefore, as the evidence introduced by the State was properly admitted, there was sufficient evidence that Crawford violated the terms of his probation. Affirmed.

BARNES, J., and BRADFORD, J., concur.