## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 12 2019, 10:52 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald J. Frew
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

I.T.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 12, 2019

Court of Appeals Case No.
18A-JV-2485

Appeal from the Allen Superior
Court

The Honorable Andrea R. Trevino,
Judge

Trial Court Cause No.
02D07-1802-JD-220

**Baker, Judge.**

[1] I.T. appeals the juvenile court's finding that he is a delinquent child for committing an offense that would have been Level 3 Felony Child Molesting[1] had it been committed by an adult. He argues that the evidence is insufficient to support the adjudication. Finding the evidence sufficient, we affirm.

## Facts

[2] In 2016, A.D. was living with her father, her father's girlfriend, and I.T., who was her father's girlfriend's son. At that time, A.D. was six years old and I.T. was thirteen years old. At some point, A.D. was in I.T.'s room and I.T. pulled her pants down, pulled his own pants down, and "stuck his private area in [her] bottom." Tr. Vol. II p. 9. She testified that a boy's "private area" is on "[t]he front of his body." *Id.* At that time, A.D. did not tell anyone because I.T. threatened to punch her in the stomach. *Id.* at 11.

[3] Eventually, A.D. told her grandmother what had happened, and her grandmother enrolled A.D. in therapy. The therapist observed that A.D. was "very sexualized for her age." *Id.* at 34, 39.

[4] On April 23, 2018, the State filed a petition alleging that I.T. was a delinquent child for actions that would have been Level 3 felony child molesting and Level 4 felony child molesting had they been committed by an adult. A.D. testified at the August 3, 2018, factfinding hearing. At the close of the hearing, the juvenile

---

[1] Ind. Code § 35-42-4-3(a).

court found that I.T. was delinquent for both counts. At the September 13, 2018, dispositional hearing, the juvenile court vacated the adjudication for Level 4 felony child molesting based on double jeopardy concerns and placed I.T. on probation as a sanction for the Level 3 felony adjudication. I.T. now appeals.

## Discussion and Decision

[5] I.T.'s sole argument on appeal is that the evidence is insufficient to support the delinquency adjudication for Level 3 felony child molesting. In considering the sufficiency of the evidence supporting a delinquency adjudication, we will neither reweigh the evidence nor assess witness credibility. *C.S. v. State*, 735 N.E.2d 273, 276 (Ind. Ct. App. 2000). We will consider only the evidence and inferences most favorable to the judgment and will affirm if there is substantive evidence of probative value supporting every material element of the offense beyond a reasonable doubt. *Id.* The uncorroborated testimony of a single witness may suffice to sustain a delinquency adjudication. *T.G. v. State*, 3 N.E.3d 19, 23 (Ind. Ct. App. 2014).

[6] To support a claim of juvenile delinquency based on an allegation of Level 3 felony child molesting, the State must prove beyond a reasonable doubt that the juvenile knowingly or intentionally performed or submitted to sexual intercourse or other sexual conduct with a child under the age of fourteen. I.C. § 35-42-4-3(a). "Other sexual conduct" is defined in relevant part as an act

involving a sex organ of one person and the mouth or anus of another person. Ind. Code § 35-31.5-2-221.5.

[7] I.T. contends that the evidence does not support a conclusion that he performed or submitted to other sexual conduct with A.D. We disagree. While A.D. did not go into great detail, she clearly testified that I.T. had stuck his "private area," which she defined as being on the front of his body, "in [her] bottom." Tr. Vol. II p. 9. This testimony, alone, with reasonable inferences that may be drawn from it, supports the trial court's conclusion that I.T. committed an act involving his sex organ and A.D.'s anus. I.T.'s arguments to the contrary require us to reweigh the evidence, which we may not do. We find that the evidence supports the delinquency adjudication.

[8] I.T. makes a veiled argument that the juvenile court's disposition was erroneous, but he neither cites to any legal support for his argument nor develops it to any substantial degree. We will not develop the argument for him, but we note that the juvenile court's decision to impose probation as a sanction strikes us as eminently reasonable and generous.

[9] The judgment of the juvenile court is affirmed.

May, J., and Tavitas, J., concur.