## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 16 2019, 5:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Paul J. Podlejski<br>Anderson, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana |
| | Caroline G. Templeton<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony M. Galloway,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 16, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2954<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable David A. Happe, Judge<br><br>Trial Court Cause No.<br>48C04-1110-FB-1908 |

**Mathias, Judge.**

[1] After Anthony M. Galloway ("Galloway") was stopped for a traffic violation, a Tipton County Sheriff's Deputy conducted a warrantless search of Galloway's

vehicle and discovered methamphetamine. The State filed a notice of probation violation in Madison County, and Galloway moved to suppress the evidence during a revocation hearing. The trial court denied the motion, found Galloway to be in violation of the terms of his probation, and revoked Galloway's 2,047-day suspended sentence to the Indiana Department of Correction ("DOC"). Galloway appeals the denial of his motion to suppress on the grounds that his consent to the search while in custody was invalid. We affirm.

## Facts and Procedural History

[2] In October 2011, the State charged Galloway with Class B felony dealing methamphetamine and Class D felony maintaining a common nuisance. Galloway pled guilty to the offenses and was sentenced in June 2015 to ten years in the DOC. At that time, he received credit for 993 days served and the remaining five-year, 222-day portion of the sentence was suspended to probation. Among the terms of his probation was that Galloway "obey all municipal, state, and federal laws" and "abstain from illicit drug use." Appellant's App. p. 85. Galloway consented to the use of the results of drug screens and searches of his person, home, auto, etc., in any future court proceedings. *Id.*

[3] In May 2018, the State filed a notice of probation violation alleging that Galloway violated nine terms of his probation, among them failure to abstain from the use of illicit drugs and failure to behave well in society by possessing methamphetamine. Appellant's App. p. 119. A warrant was issued for Galloway's arrest on July 17, 2018. Appellant's App. p. 120.

[4] On July 31, 2018, Tipton County Sheriff's Deputy Jordan Wiseman ("Deputy Wiseman") observed a vehicle driven by Galloway make a turn without signaling. Deputy Wiseman initiated a traffic stop, and when Galloway retrieved his registration from the glovebox, Deputy Wiseman saw plastic baggies inside the glovebox that he recognized as consistent with drug activity. Tr. p. 17. Deputy Wiseman returned to his patrol car, ran Galloway's name, and learned that there was an outstanding warrant for his arrest in Madison County. Tr. p. 20. Accordingly, Deputy Wiseman handcuffed Galloway and placed him in the back of his patrol car. *Id*. Then, Deputy Wiseman asked Galloway for permission to search the vehicle, and Galloway consented. *Id.*at 21. Galloway was not read his *Pirtle* warning, but Deputy Wiseman testified that he told Galloway the following: "I did tell him that he had the opportunity to decline [the search] and that, if he needed an attorney or he could have an attorney, if needed." *Id.* And: "I advised him that he could tell [me] no in my request for consent to search his vehicle, and I also advised him [he] could have an attorney before he consented." *Id.*

[5] In the center console of the vehicle, Deputy Wiseman found a "sizeable" bag containing 6.44 grams of a substance that field-tested positive for methamphetamine. Tr. pp. 23–24. After the illicit substance was discovered, a second officer advised Galloway of his *Miranda* rights, and Galloway waived those rights. Tr. p. 25. Galloway admitted that he intended to sell the methamphetamine for $250. *Id.* A GPS device, still active in Galloway's vehicle, revealed that he was en route to a known drug house. Tr. pp. 25–26.

His car was eventually towed pursuant to the Tipton County Sheriff's Department inventory and impound policy. Tr. p. 26. Galloway was charged with Level 3 felony dealing in methamphetamine and Level 5 felony possession of methamphetamine.[1] Appellant's App. pp. 133, 141–42.

[6] On August 9, 2018, the State amended its notice of violation of probation, originally filed in May, to include the July 31, 2018, charges. Appellant's App. pp. 133, 182–83. Galloway entered a denial at the initial hearing on the probation violation matter in October 2018. Tr. pp. 5–7. An evidentiary hearing was held the next month, at which time Galloway made a motion to suppress all evidence and any statements that were the result of the warrantless search. The trial court took the motion under advisement and, after presentation of evidence and argument by both parties, denied Galloway's motion. The trial court found him to have violated the terms and conditions of his probation and revoked 2,047 days of his suspended sentence to the DOC. Tr. pp. 42–43; Appellant's App. pp. 163–64. Galloway filed a timely appeal of the trial court's order.

## Discussion and Decision

[7] We review a trial court's ruling on a motion to suppress under a standard "similar to other sufficiency issues" – whether, without reweighing the evidence, there is "substantial evidence of probative value that supports the trial

---

[1] These charges were filed under cause number 80C01-1808-F3-349.

court's decision." *State v. Richardson*, 927 N.E.2d 379, 385 (Ind. 2010). We "consider the evidence favorable to the trial court's ruling" but also consider "substantial uncontradicted evidence to the contrary, to decide whether the evidence is sufficient to support the ruling." *Holder v. State*, 847 N.E.2d 930, 935 (Ind. 2006). If the trial court made any findings of fact, we will review them only for clear error. *Murphy v. State*, 747 N.E.2d 557, 559 (Ind. 2001). The ultimate ruling on the constitutionality of a search under Article 1, Section 11 of the Indiana Constitution is a legal conclusion that we review de novo.[2] *McIlquham v. State*, 10 N.E.3d 506, 511 (Ind. 2014).

[8] The Fourth Amendment protects people from unreasonable search and seizure, and this protection has been extended to the states through the Fourteenth Amendment. U.S. Const. amend. IV; *Mapp v. Ohio*, 367 U.S. 643, 650, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Warrantless searches and seizures are presumptively unreasonable "subject only to a few specifically established and well delineated exceptions." *Minnesota v. Dickerson*, 508 U.E. 366, 372, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993) (citations omitted). When a search is conducted without a warrant, it is the State's burden to show that the search was justified at the time it occurred by an exception to the general rule. *Krise v. State*, 746 N.E.2d 957, 961 (Ind. 2001).

---

[2] Galloway states but does not argue that the warrantless search of his vehicle violated his rights under the Fourth Amendment to the United States Constitution, in addition to his rights under Indiana's Constitution. Appellant's Br. at 7. Because he failed to present a cogent argument supported by citation to authorities, he has waived this claim of error for our review. *See* Ind. Appellate Rule 46(A)(8)(a).

[9] A valid consent to search is one recognized exception to the warrant requirement. *State v. Cunningham*, 26 N.E.3d 21, 25 (Ind. 2015). A search based on lawful consent is consistent with both the Indiana and Federal Constitutions. *Campos v. State*, 885 N.E.2d 590, 600 (Ind. 2008). The theory underlying this exception is that, when an individual gives the State permission to search either his person or property, the governmental intrusion is presumably reasonable. *Buckley v. State*, 797 N.E.2d 845, 849 (Ind. Ct. App. 2003) (citing *Pinkney v. State*, 742 N.E.2d 956, 959 (Ind. Ct. App. 2001), *trans. denied*). Indiana courts have long held that a person in police custody must be informed of the right to consult with counsel about the possibility of consenting to a search before valid consent can be given. *Pirtle v. State*, 263 Ind. 16, 29, 323 N.E.2d 634, 640 (1975); *see also Jones v. State*, 655 N.E.2d 49 (Ind. 1995). *Pirtle* established that Article 1, Section 11 of the Indiana Constitution requires that a person in custody explicitly waive the right to counsel before giving valid consent to a search. *Clarke v. State*, 868 N.E.2d 1114, 1119 (Ind. 2007).[3]

[10] Galloway contends that the trial court erred in denying his motion to suppress because his consent to the search was invalid due to Deputy Wiseman's failure to read Galloway the *Pirtle* advisement. Appellant's Br. at 9–10. Indeed, Deputy Wiseman admitted that he did not read the text of the warning verbatim. Tr. p.

---

[3] Because the parties do not dispute that Galloway was in custody when he gave consent, we do not address Deputy Wiseman's investigatory detention and subsequent arrest and custodial interrogation. *See Jones*, 655 N.E.2d at 55. Additionally, the voluntariness of Galloway's consent is not challenged on appeal, and so we presume the trial court was satisfied that the State met its burden of demonstrating the consent was given freely. *See State v. Scheibelhut*, 673 N.E.2d 821, 824 (Ind. Ct. App. 1996).

21. But Deputy Wiseman testified that he advised Galloway of his right to refuse to agree to the search and of his right to consult with counsel:

> Q: [D]id you advise [Galloway] of the substance of *Pirtle* as far as you understand it?
>
> A: Um, yes.
>
> Q: Okay. What specifically did you tell [Galloway]?
>
> A: Um, I advised him that he could tell [me] no in my request for consent to search his vehicle, and I also advised him [he] could have an attorney before he consented.
>
> Q: Okay. And, having been advised of that, did [Galloway] consent to the search of his vehicle?
>
> A: Yes, he did.

*Id.*

[11]     Galloway argues this exchange with Deputy Wiseman did not "satisfy the requirements of *Pirtle*" and invalidated his consent. Appellant's Br. at 10. His appeal urges us to give one particularly phrased version of the *Pirtle* warning special significance, apparently because Deputy Wiseman did not read from the card he carried that was pre-printed with the *Pirtle* warning. Appellant's Br. at 9–10. In other words, Galloway asks us to elevate form over substance, which we decline to do. *See, e.g., French v. State*, 754 N.E.2d 9, 15 (Ind. Ct. App. 2001) (where the purpose of a rule is satisfied, this court will not elevate form over

substance). The substance of Deputy Wiseman's advisement was sufficient to fulfill the protection that *Pirtle* and Article 1, Section 11 of the Indiana Constitution guarantee to Hoosiers.

[12] Galloway also argues that his consent to the search was not given voluntarily. Appellant's Br. at 9. When the State seeks to rely upon consent to justify a warrantless search, it has the burden of proving that the consent was, in fact, freely and voluntarily given. *Thurman v. State*, 602 N.E.2d 548, 552 (Ind. Ct. App. 1992), *trans. denied.* The voluntariness of a consent to search is a question of fact to be determined from the totality of the circumstances. *Id.* Knowledge of the right to refuse a search is one factor that indicates voluntariness. *Id.*

> [T]he 'totality of circumstances' [from which the voluntariness of a detainee's consent is to be determined] includes, but is not limited to, the following considerations: (1) [w]hether the defendant was advised of his *Miranda* rights prior to the request to search; (2) the defendant's degree of education and intelligence[2]; (3) whether the defendant was advised of his right not to consent; (4) whether [the officer] made any express or implied claims of authority to search without consent; (5) whether [the officer] was engaged in any illegal action prior to the request; (6) whether the defendant previously was cooperative; and (7) whether [the officer] was deceptive as to his true identity or the purpose of his search.
>
> [2]We note here that a defendant's previous encounters with law enforcement, if any, is relevant on the question of whether that defendant knew of the right to refuse consent.

*State v. Scheibelhut*, 673 N.E.2d 821, 824 & n.2 (Ind. Ct. App. 1996).

[13] Although Galloway was not 'Mirandized' before consenting to the search, he was given a verbal advisement of his *Pirtle* rights. Tr. pp. 21, 25. Factors five, six, and seven are not relevant to determine voluntariness because there is no suggestion that Deputy Wiseman made any claims of authority to search without Galloway's consent, engaged in any illegal action prior to the request, or was deceptive as to his identity or the purpose of the search. Neither the probable cause affidavit nor any testimony at Galloway's revocation hearing suggest he was uncooperative. The strongest indication that Galloway's consent was knowing and voluntary is based on his degree of intelligence and his prior experience with law enforcement. Galloway had been serving his suspended sentence on probation since 2015, when the probation order was entered in Madison County. Appellant's App. p. 84–89. The order listed various standard terms of Galloway's probation, including: "You will waive your right against search and seizure and permit Probation Officer (or any law enforcement officer acting on behalf of the Probation Department) to search your person, residence, motor vehicle, or any location where your personal property may be found, to ensure compliance with your conditions of probation[.]" Appellant's App. p. 85. We do not point this out to suggest that Galloway – or any other probationer – waived his right to be free from unlawful search and seizure by *any* law enforcement officer. We do, however, find that the terms of probation to which Galloway knew he was subject and his years of familiarity with the Probation Department are circumstances indicating that, when he consented to Deputy Wiseman's search, Galloway did so voluntarily and in full knowledge of the consequences.

Based on Deputy Wiseman's testimony at the probation revocation hearing, the credibility of which we will not reweigh, and the totality of the circumstances, we find that Galloway voluntarily consented to the search with the knowledge that he had the right to speak to an attorney before deciding whether to consent. Thus, the consent exception to the warrant requirement justified the warrantless search of his vehicle, and the trial court's denial of Galloway's motion to suppress evidence gathered from the search was not in error.

## Conclusion

The warrantless search of Galloway's car was constitutional because Galloway received an advisement that satisfied *Pirtle* and he voluntarily consented to the search. We therefore conclude that the search comported with the dictates of Article 1, Section 11 of the Indiana Constitution. The trial court did not err in denying Galloway's motion to suppress the evidence seized in the search. The judgment of the trial court is affirmed.

May, J., and Brown, J., concur.