**Leroy HUBBARD, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 85A02–9601–CR–33.

Court of Appeals of Indiana.

July 16, 1997.

Kristina L. Lynn, Tiede Metz & Downs, P.C., Wabash, for Appellant–Defendant.

Jeffrey Modisett, Attorney General, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

1. *See* IC 35–38–2–3.

**OPINION**

KIRSCH, Judge.

Leroy Hubbard appeals from the revocation of his probation [1] and raises the following issues:

I. Whether the trial court violated due process requirements in failing to set forth in writing the facts and reasons for revoking probation;

II. Whether the trial court violated due process requirements in basing the probation revocation on an alleged violation of which Hubbard received no notice; and

III. Whether the evidence was sufficient to support the trial court's revocation of Hubbard's probation.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

In 1980, Hubbard was convicted by a jury of battery, as a Class C felony, and of being a habitual offender. He was sentenced to eight years on the battery conviction, enhanced by an additional thirty years for habitual offender status. In June, 1994, Hubbard's Motion for Modification of Sentence was granted, and the trial court suspended the remaining ten years of the habitual offender sentence and placed Hubbard on probation for five years.

On September 7, 1995 Wabash City police officers George Ryan Short and David Owen were called to investigate a report that Hubbard was involved in a fight and in violation of a protective order. When the officers approached him, they found that Hubbard's face was swollen and bruised, that his eyes were bloodshot, and that he smelled strongly of alcoholic beverages. Officer Short asked him if he had been drinking. Hubbard did not respond. When the officers attempted to test Hubbard with an Alco–Sensor, Hubbard became argumentative and refused twice, saying that he was not "taking the f——— test." *Record* at 53. Hubbard pushed Officer Owen and, in a loud voice, threatened that he "could take him out." *Record* at 53. Feeling that the situation was getting out of control, Officer Short arrested Hubbard for

operating a vehicle while intoxicated, public intoxication, and intimidation of a law enforcement officer.

The State filed a petition to revoke Hubbard's probation. In its Petition, the State alleged that Hubbard had violated "term 6, 8 and 13 of his terms of probation." *Record* at 14. Number 6 of these terms provided:

"You shall work faithfully at a suitable employment, notifying your Probation Officer of the place of your employment, and not causing your employment to be terminated by your own actions. If your employment is terminated, you shall notify your Probation Officer within 24 hours."

*Record* at 9–10. Number 8 provided:

"You shall not violate any law of the State of Indiana or any other jurisdiction during the term of your probation."

*Record* at 10. Number 13 provided:

"You shall not use alcoholic beverages of any kind, and you shall not use drugs (controlled substances) unless prescribed by a physician. Further, you shall not associate with anyone who is using marijuana, and any testing procedure which shows your exposure to marijuana shall be deemed a violation of your probation."

*Record* at 10. Following an evidentiary hearing, the trial court ordered revocation of Hubbard's probation, and Hubbard now appeals.

## STANDARD OF REVIEW

■ Probation is a conditional liberty that is a privilege, not a right. *Perry v. State,* 642 N.E.2d 536, 538 (Ind.Ct.App.1994). Revocation of an individual's probation deprives the individual "not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions." *Dulin v. State,* 169 Ind.App. 211, 215, 346 N.E.2d 746, 749 (1976) (quoting *Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972)). The decision on whether to revoke probation is a matter addressed to the sole discretion of the trial judge. *Johnson v. State,* 606 N.E.2d 881, 882 (Ind.Ct.App.1993).

■ We will affirm revocation if, considering only the probative evidence and reasonable inferences therefrom, there is sufficient evidence supporting the conclusion that the probationer is guilty of violating any condition of his probation. IC 35–38–2–3; *Menifee v. State,* 600 N.E.2d 967, 970 (Ind.Ct.App. 1992). We will neither weigh the evidence nor assess witness credibility. *Id.*

## DISCUSSION

### I. Writing Requirement

■ Hubbard first contends that the trial court violated due process requirements by failing to set forth in writing the facts and reasons for revoking his probation. Pursuant to IC 35–38–2–3(a), "[t]he court may revoke an individual's probation if: (1) The person has violated a condition of probation during the probationary period...." The State must prove the violation of a probation condition by a preponderance of the evidence. IC 35–38–2–3; *Menifee,* 600 N.E.2d at 970. Due process requires a written statement by the fact finder regarding the evidence relied upon and the reasons for revoking probation. *Offringa v. State,* 637 N.E.2d 190, 190–91 (Ind.Ct.App.1994). This requirement is a procedural device[2] aimed at

---

**2.** The rationale underlying the writing requirement in probation revocation proceedings is not entirely clear. The rule has its genesis in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), where the Supreme Court recognized that because a parolee has a conditional liberty interest at stake, some procedural due process rights apply to parole revocation proceedings. The Court observed that the State has an interest in being able to return the parolee to imprisonment without the burden of a formal adversary criminal trial. After balancing the competing interests, the Court concluded that while an informal hearing structure is permissi-

ble, it still must comport with basic notions of due process, including (1) written notice of the claimed parole violations; (2) disclosure to the parolee of evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross examine adverse witnesses; and (5) *a written statement by the fact finders as to the evidence relied on and the reasons for revoking parole. Id.,* at 488–89, 92 S.Ct. at 2604 (emphasis added).

In *Gagnon v. Scarpelli,* the Court applied the *Morrissey* holding to probation revocation proceedings, holding that for purposes of due pro-

promoting accurate fact finding and ensuring the accurate review of revocation decisions. *Clark v. State*, 580 N.E.2d 708, 710–11 (Ind. Ct.App.1991). We have held that placing the transcript of the evidentiary hearing in the record, although not the preferred way of fulfilling the writing requirement, is sufficient if it contains a clear statement of the trial court's reasons for revoking probation. *Id.* at 711–12 n. 3.

Here, the reasons for revoking probation were properly set out in the trial court's Order of Revocation of Probation, which stated:

> "3. The Defendant has violated the terms of probation by failing to maintain employment and report loss of employment to the probation office, for using an alcoholic beverage and for failing to take test [sic] for use of alcoholic beverage."

*Record* at 18. Although the trial court did not issue a separate writing, the evidence it relied upon in revoking Hubbard's probation is contained in the transcript of the trial court's evidentiary hearing. The evidence therein shows that Hubbard was fired for failing to appear at his job for two days without notifying his employer of the reason and that Hubbard did not notify his probation officer within twenty-four hours of his termination. This evidence supports the trial court's determination that Hubbard "[failed] to maintain employment and report loss of employment to the probation office" in violation of condition No. 6 which states:

> "6. You shall work faithfully at a suitable employment, notifying your Probation Officer of the place of your employment and not causing your employment to be terminated by your own actions. If your em-

ployment is terminated, you shall notify your Probation Officer within 24 hours."

*Record* at 41.

The transcript also contains evidence that the officers found Hubbard with bloodshot eyes and smelling strongly of alcoholic beverages, that Hubbard refused to answer Officer Short's question as to whether he had been drinking, that he refused to take an alcohol test, and that he became agitated, belligerent, and aggressive when requested to do so. This evidence supports the trial court's determination that Hubbard "[used] an alcoholic beverage" in violation of condition No. 13 which states:

> "13. You shall not use alcoholic beverages of any kind, and you shall not use drugs (controlled substances) unless prescribed by a physician. Further, you shall not associate with anyone who is using marijuana, and any testing procedure which shows your exposure to marijuana shall be deemed a violation of your probation."

*Record* at 41.

The trial court's Order of Revocation provides the reasons for, and the hearing transcript provides the evidence underlying, the trial court's revocation of Hubbard's probation. Both documents provide an adequate basis for appellate review and, thus, are adequate to satisfy the separate writing requirement.

## II. Notice

Hubbard next contends that his probation may not be revoked for his refusal to take an alcohol test because he received no notice that this act was a violation of his probation. We agree.

cess analysis, the two proceedings are the same. 411 U.S. 778, 782, 93 S.Ct. 1756, 1759–1760, 36 L.Ed.2d 656 (1973). However, parole revocation and probation revocation are not the same: a parole revocation hearing is an administrative proceeding; a probation revocation hearing is a judicial proceeding. Congress has mandated that written findings of fact are required for administrative proceedings. There is no such requirement for judicial proceedings.

An agency's duty of explanation reflects the fact that the agency is exercising delegated adjudicative powers in a quasi-judicial capacity. Written findings are not required in judicial pro-

ceedings, except where required by statute or trial rules. *See* Ind.Trial Rule 52. Thus, requiring written findings in probation revocation proceedings gives more due process to an offender on probation, who has only a conditional liberty interest at stake, than that person was accorded at the initial trial, when the person's full liberty interest was at stake, even though both proceedings are before the same body. Nevertheless, our supreme court in *Medicus v. State*, 664 N.E.2d 1163 (Ind.1996), applied the *Gagnon* rule to probation revocation proceedings, and we accordingly must apply it here.

It is well settled that although a probationer is not entitled to the full array of rights afforded at trial, certain due process rights inure to a probationer at a revocation hearing. *State v. Cass*, 635 N.E.2d 225, 226 (Ind.Ct.App.1994), *trans. denied.* Those rights include written notice to the probationer of the claimed violations. *Isaac v. State*, 605 N.E.2d 144, 147–48 (Ind.1992), *cert. denied*, 508 U.S. 922, 113 S.Ct. 2373, 124 L.Ed.2d 278 (1993); *Gleason v. State*, 634 N.E.2d 67, 68 (Ind.Ct.App.1994). The State's failure to give written notice of a claimed probation violation deprives the defendant of adequate due process. *Gleason*, 634 N.E.2d at 69. Basing a probation revocation on a claimed violation for which the defendant received no notice is error. *Id.*

In its Order of Revocation of Probation, the trial court listed as one of four reasons for revoking Hubbard's probation his failure to take the test for use of alcoholic beverages. Although such a requirement is contained in the terms of Hubbard's probation, it was not set out in the State's petition for revocation. Thus, Hubbard received no notice of this claimed violation, and the trial court may not base revocation on it.

Hubbard was not harmed by this error, however, because the trial court found that he had violated several conditions of his probation of which he did receive notice. Proof of a single violation of the conditions of a defendant's probation is sufficient to support a trial court's decision to revoke probation. *Menifee*, 600 N.E.2d at 970.

### III. Sufficiency of Evidence

Hubbard next contends that the evidence was insufficient to support the trial court's revocation of his probation. The record does not support this contention. As stated above, a violation of a single condition of probation is sufficient to revoke probation. *Menifee*, 600 N.E.2d at 970. Here, we have more than one violation.

Hubbard was fired for not appearing at his job for two days without notifying his employer of the reason, and Hubbard did not notify his probation officer within twenty-four hours of his termination. This evidence supports the trial court's determination that Hubbard violated condition No. 6. Hubbard had bloodshot eyes, smelled strongly of alcoholic beverages, refused to answer the officers' question as to whether he had been drinking, refused to take an alcohol test, and became agitated, belligerent, and aggressive when requested to do so. This evidence is sufficient to support the trial court's determination that Hubbard violated condition No. 13.

Affirmed.

FRIEDLANDER and BAKER, JJ., concur.