**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KURT A. YOUNG**
Nashville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DERRICK L. MYERS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1106-CR-508 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven R. Eichholtz, Judge
The Honorable Michael Jensen, Magistrate
Cause No. 49G20-0911-FA-94191

**March 30, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Derrick Myers appeals the revocation of his probation.  We affirm.

## FACTS AND PROCEDURAL HISTORY

On June 7, 2010, the trial court sentenced Myers to six years after he pled guilty to Class B felony dealing in cocaine.[1]  Myers was to serve one year on work release, with the other five years suspended, and two years on probation.  Although Myers has not included his Conditions of Probation in his Appendix, he does not contest that document required him to refrain from criminal activity during his probationary period.

On February 16, 2011, the probation department filed a notice of probation violation alleging Myers had been charged with one count of Class D felony intimidation[2] and two counts each of Class B misdemeanor harassment[3] and Class A misdemeanor invasion of privacy.[4]  On May 19, the trial court heard testimony from the victim, Richard Crawford, who was the stepfather of Myers' former girlfriend, April.  The trial court found Myers committed the acts alleged, revoked his probation, and ordered him to serve the remainder of his suspended sentence incarcerated.

## DISCUSSION AND DECISION

Probation revocation proceedings are civil in nature, and thus the State must prove a violation by only a preponderance of the evidence.  Ind. Code § 35-38-2-3(e).  The decision to revoke probation is reviewed for an abuse of discretion.  *Sanders v. State*, 825 N.E.2d 952,

---

[1] Ind. Code § 35-48-4-1.
[2] Ind. Code § 35-45-2-1(a)(1).
[3] Ind. Code § 35-45-2-2(a).
[4] Ind. Code § 35-46-1-15.1.

956 (Ind. Ct. App. 2005), *trans. denied*. An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.* When reviewing sufficiency of evidence supporting a probation revocation, we neither reweigh evidence nor judge credibility of witnesses, but look at the evidence most favorable to the State. *King v. State*, 642 N.E.2d 1389, 1393 (Ind. Ct. App. 1994). If there is substantial evidence of probative value demonstrating the probationer violated probation, revocation is appropriate. *Id.*

Class D felony intimidation requires the State prove Myers communicated a threat to another person with the intent that (1) the other person engage in an act against his will or (2) the other person be placed in fear for a prior lawful act. Ind. Code § 35-45-2-1(a). The offense is a Class D felony if the threat is to commit a forcible felony. Ind. Code § 35-45-1-1(b). Crawford testified Myers, during a barrage of calls Myers made to Crawford requesting April's phone number and payment of an alleged debt, said he "was going to slash the tires on [Crawford's vehicles], set them on fire and fill [Crawford's] house full of holes with [an automatic weapon] that [Myers] had." (Tr. at 18.)

Class B misdemeanor intimidation requires the State prove Myers, with the intent to "harass, annoy or alarm another person but with no intent of legitimate communication" made a telephone call to Crawford. Ind. Code § 35-45-2-2(a)(1). Crawford testified Myers called him 231 times over a course of five days, including fifty-five times in one hour on January 5, 2011. When Crawford answered the phone, Myers would ask for April's phone

3

number or inquire about an alleged debt Crawford or April owed Myers. Crawford and April repeatedly asked Myers to stop calling.

Regarding the intimidation charge, Myers argues the State did not prove his alleged statement "was in retaliation for a prior lawful act, to cause another to perform an act against his will, or to cause the evacuation of a structure or vehicle" pursuant to Ind. Code § 35-45-2-1(a). Further, Myers claims the State did not prove he called Crawford repeatedly for an illegitimate reason as required by Ind. Code § 35-45-2-2(a)(1). Myers' arguments to the contrary are invitations to reweigh the evidence, which we may not do. *See King v. State*, 642 N.E.2d at 1393. As the State presented sufficient evidence Myers committed two criminal acts while on probation, the trial court did not abuse its discretion when it revoked Myers' probation and ordered him to serve his sentence incarcerated. *See Hubbard v. State*, 683 N.E.2d 618, 622 (Ind. Ct. App. 1997) ("Proof of a single violation of the conditions of a defendant's probation is sufficient to support a trial court's decision to revoke probation."). Accordingly, we affirm.

Affirmed.

CRONE, J., and BROWN, J., concur.