**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case**.



ATTORNEY FOR APPELLANT:

**CHRISTOPHER L. CLERC**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

REBECCA ROBERTS,             )
                             )
    Appellant-Defendant,     )
                             )
        vs.                  )    No. 03A01-1311-CR-498
                             )
STATE OF INDIANA,            )
                             )
    Appellee-Plaintiff.      )

APPEAL FROM THE BARTHOLOMEW CIRCUIT COURT
The Honorable Stephen R. Heimann, Judge
Cause No. 03C01-0704-FB-748

**June 26, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Rebecca Roberts appeals the trial court's decision ordering her to serve the entire previously-suspended sentence following her probation violation. We affirm.

**Issue**

The sole issue before us is whether the trial court abused its discretion in ordering Roberts to serve the entire previously-suspended sentence.

**Facts**

On March 31, 2008, Rebecca Roberts pled guilty to Class B felony dealing in methamphetamine. On May 5, 2008, the trial court sentenced Roberts to eighteen years imprisonment with six-years suspended to supervised probation, eighteen months of which were to be in community corrections. Roberts was released from prison on March 25, 2012 and was placed in community corrections. As a condition of her probation, Roberts was to abstain from using illegal drugs and submit to random drug screens. During an orientation monitoring on April 18, 2012, Roberts was administered a drug screen that had a positive presence for methamphetamine. On April 26, 2012, Roberts returned to fill out her work schedule and was given an instant test and drug screen that was positive for methamphetamine and marijuana. Roberts then cut off her electronic monitoring bracelet and absconded from community corrections day reporting.

On May 1, 2012, the Bartholomew County Probation Department filed an amended verified petition to revoke Roberts's probation alleging that she violated the terms and conditions of her probation by using methamphetamine and marijuana, by absconding from day reporting, and by being arrested for possession of marijuana and a syringe. On May

4, 2012, a warrant for her arrest was issued. Roberts remained at large for approximately sixteen months until she was arrested on August 30, 2013, on charges of possession of marijuana and a syringe. At the revocation hearing Roberts admitted to using methamphetamine and marijuana that resulted in her positive screens on April 26, 2012, to cutting off her electronic ankle bracelet, and to fleeing. Roberts also admitted that these acts constituted violations of the terms of her probation. The trial court found that Roberts violated her probation based upon these admissions and ordered that Roberts serve the entire previously-suspended six-year portion of her sentence. Roberts now appeals.

**Analysis**

Roberts challenges the sentence imposed by the trial court after she admitted that she violated probation. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). "If there is substantial evidence of probative value to support the trial court's conclusion that a probationer has violated any condition of probation, we will affirm its decision to revoke probation." Braxton v. State, 651 N.E.2d 268, 270 (Ind. 1995). Upon a finding of a probation violation, a trial court may: (1) continue the defendant on probation; (2) extend the probationary period for not more than one year beyond the original period; and/or (3) order all or part of a previously-suspended sentence to be executed. Puckett v. State, 956 N.E.2d 1182, 1186 (Ind. Ct. App. 2011) (citing Ind. Code § 35-38-2-3(g)). Proof of a single violation of the conditions of a defendant's probation is sufficient to support a trial court's decision to revoke probation. Hubbard v. State, 683 N.E.2d 618, 622 (Ind. Ct. App. 1997). When a trial court exercises the third option, a

3

defendant is entitled to challenge the sentence under an abuse of discretion standard. Id. "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." Prewitt, 878 N.E.2d at 188. A defendant cannot collaterally attack the propriety of an original sentence in the context of a probation revocation proceeding. Abernathy v. State, 852 N.E.2d 1016, 1020 (Ind. Ct. App. 2006). However, a defendant is entitled to challenge the sentence a trial court decides to impose after revoking probation. Id.

Here, Roberts argues that the trial court abused its discretion by failing to give mitigating weight to the admission of her probation violations and by relying on Roberts's poor attitude as justification for revocation of the entire suspended sentence. Roberts was arrested for possession of marijuana and a syringe, was at large for nearly sixteen months, cut off her electronic ankle bracelet, absconded from day reporting requirements and tested positive for methamphetamine on two occasions after being convicted of a methamphetamine offense. Tr. pp. 17-23. The trial court found home detention through the use of an electronic ankle bracelet inappropriate for Roberts because of her lengthy history of numerous probation revocations and her admission that she cut off her previously-issued bracelet. Id. at 32-33. This sentence is reasonable and not an abuse of discretion.

Roberts relies on a case from our supreme court where the defendant challenged an original sentence of fifty years imprisonment for possession of methamphetamine alleging that his sentence was excessive due to the trial court failing to give adequate weight to mitigating circumstances. See Cotto v. State, 829 N.E2d 520, 523-24 (Ind. 2005).

4

However, this case does not govern our analysis. Roberts has already been sentenced and is being ordered during a revocation proceeding to serve her original sentence in prison.

Roberts also relies upon on Puckett. In Puckett, the defendant pled guilty to one count of Class C felony child molesting. Puckett, 956 N.E.2d at 1184. After he later admitted to violating his probation, the trial court imposed the entirety of his previously-suspended sentence. Id. at 1186. In doing so, the trial court expressed displeasure with Pucketts plea agreement, which it described as generous, and found that Puckett had committed a more serious offense than the one to which he pled guilty. Id. at 1186-87. The trial court also referenced probation violation allegations that had been dismissed. Id. On appeal, Puckett challenged the imposition of the entire previously-suspended sentence, arguing that the trial court had erred in many ways, including by considering charges dismissed as part of a plea agreement. Id. We reversed the trial court, noting that a defendant who enters into a plea agreement is entitled to the benefits of that bargain and cannot be punished for perceived leniency at the original sentencing. Id. This court also held that the trial court erred by relying upon dismissed probation violation allegations and a desire to send a personal philosophical message when deciding what sentence to impose. Id.

Puckett is distinguishable from this case. Puckett involves sentencing that stems directly from the plea agreement at issue. That is not this case. In this case, the trial court considered Roberts's criminal history and previous rehabilitative attempts outside of a penal facility that were unsuccessful. The trial court additionally found electronic ankle bracelet monitoring insufficient due to Roberts' admission to cutting off her previously-

5

issued bracelet. We find no evidence that the trial court considered any dismissed charges, dismissed probation violations, or any perceived leniencies in the original sentence. Taken together with the trial court's statement of reasons for imposing the entire suspended six-year sentence, the trial court did not abuse its discretion.

## Conclusion

The trial court's imposition of the entire suspended sentence upon Roberts's admission that she violated probation was not an abuse of discretion. We affirm.

Affirmed.

BAKER, J., and CRONE, J., concur.

6