# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 06 2016, 7:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Terry Wilson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | July 6, 2016<br><br>Court of Appeals Case No.<br>84A05-1601-CR-205<br><br>Appeal from the Vigo Superior Court<br><br>The Honorable David R. Bolk, Judge<br><br>Trial Court Cause No.<br>84D03-1407-F6-1876 |

**Baker, Judge.**

[1] Terry Wilson appeals the trial court's revocation of his probation. He argues that the evidence was insufficient to support the trial court's decision. Finding the evidence sufficient, we affirm.

## Facts

[2] On July 13, 2015, Wilson pleaded guilty to possession of methamphetamine and possession of paraphernalia. In exchange for his guilty plea, he accepted sentences of two years for the methamphetamine conviction and one year for the paraphernalia conviction, to be served concurrently. Wilson received credit for time served, and the remainder of the sentence was suspended to supervised probation. One condition of probation was that Wilson successfully complete a sober living program at a residential treatment facility.

[3] Wilson resided at the treatment facility for a while, but walked out on August 2, 2015. As a result, the facility dismissed him from its program. The State filed a notice of probation violation. He and the State agreed, in exchange for his admission that he violated the terms of his probation, to modify the probation agreement: Wilson was to be evaluated for acceptance into a jail linkage program, and, if accepted, he would complete that program and then complete the sober living program. At an October 15, 2015, hearing on the violation, the trial court accepted the new agreement and ordered Wilson to be evaluated for the jail linkage program.

[4] At some point, the trial court became aware that Wilson had not participated in the evaluation, and it scheduled a hearing for November 19, 2015. At that

hearing, the trial court asked Wilson why he had not attended the evaluation it had ordered. Wilson answered that he felt he could quit methamphetamine by himself. The trial court asked, "So the bottom line is you're not gonna do it, even though you agreed last time in Court to do it; is that right?" Tr. p. 13-14. Wilson responded, "Yes your Honor." *Id.* at 14.

[5] On November 23, 2015, the State filed an Amended Notice of Probation Violation, alleging that Wilson had violated the conditions of his probation both by failing to complete the sober living program and by failing to attend the jail linkage program's evaluation. At a December 17, 2015, sanctions hearing, the trial court found that Wilson had violated the terms of his probation. It revoked his probation, and ordered Wilson to serve the balance of his sentence. Wilson now appeals.

## Discussion and Decision

[6] Wilson argues that the evidence was insufficient to revoke his probation. First, he argues that his failure to complete the sober living program cannot be held against him because the later probation agreement supplanted the earlier one. Second, he argues that the only evidence presented at the sanctions hearing regarding his refusal to be evaluated for the jail linkage program was his probation officer saying that the probation revocation petition alleged that he refused to be evaluated. He concludes, "[n]o evidence was presented to the court regarding whether Wilson actually failed to enroll in the jail linkage program." Appellant's Br. p. 8.

[7]     We will focus on the second of these claims, as it is dispositive. It is well settled that the violation of a single condition of probation is sufficient to revoke probation. *Hubbard v. State*, 683 N.E.2d 618, 622 (Ind. Ct. App. 1997). It is equally clear that a defendant's admission that he violated a condition of probation is sufficient evidence to find that the condition had been violated. *See, e.g., Jones v. State*, 689 N.E.2d 759, 761 (Ind. Ct. App. 1997).

[8]     Here, Wilson admitted in open court, in direct response to a question from the trial court, that he was intentionally violating a condition of his probation by refusing to complete the evaluation for the jail linkage program. The trial court made no error when it found that he was intentionally violating a condition of his probation based on this admission.

[9]     The judgment of the trial court is affirmed.

May, J., and Brown, J., concur.