## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 29 2016, 9:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Leeman
Leeman Law Offices
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Chester Irons,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

July 29, 2016

Court of Appeals Cause No.
09A02-1512-CR-2111

Appeal from the Cass Circuit Court

The Honorable Leo T. Burns, Judge

Trial Court Cause No.
09C01-0008-CF-31

**Barnes, Judge.**

# Case Summary

Chester Irons appeals the trial court's decision revoking his probation and ordering him to serve five years of his previously-suspended sentence following his probation violation. We affirm.

# Issue

The issue before us is whether the trial court abused its discretion in revoking Irons's probation and ordering him to serve five years of his previously-suspended sentence.

# Facts

On August 15, 2000, Irons was charged with four counts of Class A felony dealing in cocaine. Irons entered a guilty plea to one count of dealing in cocaine and the remaining counts were dismissed by agreement. Irons was sentenced to thirty years in the Department of Correction with ten years suspended to probation, five of the ten years of probation were to be supervised.

On December 1, 2006, Irons filed a petition to modify his sentence. The trial court granted Iron's petition to modify his sentence and ordered that Irons be released from the Department of Correction to serve the remainder of his sentence with Cass County work release. Irons's work release was transferred to Riverside Community Corrections. Riverside Community Corrections filed a notice of work release violation. The trial court found that Irons violated the terms of work release and reinstated the unsuspended portion of his sentence,

which was 1,402 days, and ordered Irons to begin his five-year probation term after he completed his sentence.

[5] Four years into Irons's probation, the State filed a violation of probation. The trial court found that Irons had violated the terms of his probation and ordered him to serve eight days of his previously-suspended sentence and continue on probation.

[6] On April 25, 2014, six violations of probation were filed against Irons. The violations alleged that Irons failed to report for substance abuse screening on four separate occasions, failed to comply with substance abuse counseling, and failed to make a good faith effort to pay his court fees. At a hearing for the probation violations, Irons admitted to each violation. The trial court subsequently revoked Irons's probation, reinstated five years of his previously-suspended ten-year sentence, and terminated any remaining probation. Irons now appeals.

## Analysis

[7] Irons challenges the sentence imposed by the trial court after he admitted that he violated his probation. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "The trial court determines the conditions of probation and may revoke probation if the conditions are violated." *Id*. A trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. *Id*. "An abuse of discretion occurs where the

decision is clearly against the logic and effect of the facts and circumstances."
*Id.* A defendant cannot collaterally attack the propriety of an original sentence
in the context of a probation revocation proceeding. *Abernathy v. State*, 852
N.E.2d 1016, 1020 (Ind. Ct. App. 2006). However, a defendant is entitled to
challenge the sentence a trial court decides to impose after revoking probation.
*Id.*

[8] Proof of a single violation of the conditions of a defendant's probation is
sufficient to support a trial court's decision to revoke probation. *Hubbard v.
State*, 683 N.E.2d 618, 622 (Ind. Ct. App. 1997). Upon a finding of a probation
violation, a trial court may: (1) continue the person on probation, with or
without modifying or enlarging the conditions; (2) extend the person's
probationary period for not more than one year beyond the original
probationary period; and (3) order execution of all or part of the sentence that
was suspended at the time of initial sentencing. Ind. Code § 35–38–2–3(g). "If
there is substantial evidence of probative value to support the trial court's
conclusion that a probationer has violated any condition of probation, we will
affirm its decision to revoke probation." *Braxton v. State*, 651 N.E.2d 268, 270
(Ind. 1995).

[9] Here, Irons argues that the trial court abused its discretion when it revoked his
probation and imposed five years of his previously-suspended sentence at the
Department of Correction following his probation violation. After being
sentenced to thirty years in the Department of Correction with ten years
suspended to probation for Class A felony dealing in cocaine, Irons violated his

probation twice before this current probation violation. Irons was given the opportunity three times to show the trial court that probation was the best option for him. Irons's disregard for his probation on numerous occasions was a clear indicator that probation was not the best option for him.

[10] Irons also contends that the trial court abused its discretion when it omitted from its consideration mitigating circumstances. Irons explained to the trial court that he had an asthmatic child who needed his support and that he had custody of his other child. The trial court is not required to consider mitigating circumstances when imposing a sanction for probation violation. Indiana Code Section 35-38-1-7.1 sets forth various aggravating or mitigating factors to be considered by the court, but with reference to the sentence being imposed for a crime, not for a probation violation. Irons's imposed five-year sentence is merely a previously-suspended sentence ordered to be executed as a result of his third probation violation.

[11] Given Irons's repeated disregard for probation rules and that the trial court is not required to consider mitigating circumstances when imposing a sanction for a probation violation, the trial court did not abuse its discretion in revoking Irons's probation and ordering him to serve five years of his previously-suspended sentence.

# Conclusion

[12]     The trial court's revocation of Irons's probation and imposition of five years of his previously-suspended sentence upon his probation violation was not an abuse of discretion.  We affirm.

[13]     Affirmed.


Vaidik, C.J., and Mathias, J., concur.