## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 21 2017, 9:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Amy D. Griner
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Denise A. Robinson
Senior Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brandon McCall,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | November 21, 2017<br><br>Court of Appeals Case No.<br>71A04-1703-CR-527<br><br>Appeal from the St. Joseph<br>Superior Court<br><br>The Honorable John M.<br>Marnocha, Judge<br><br>Trial Court Cause No.<br>71D02-1609-F5-178<br>71D02-1509-F5-208 |

**Barnes, Judge.**

## Case Summary

[1] In this consolidated appeal, Brandon McCall appeals his conviction for Level 5 felony domestic battery, the revocation of his probation in a separate case, and the sentence imposed for the revocation of his probation. We affirm.

## Issues

[2] McCall raises two issues, which we restate as:

> I. whether the State rebutted his self-defense claim; and
>
> II. whether the trial court properly revoked his probation and sentenced him to serve his entire suspended sentence.

## Facts

[3] In February 2016, McCall pled guilty to Class A misdemeanor carrying a handgun without a license and Level 5 felony possession of methamphetamine. McCall was sentenced to one year on the handgun conviction and two years on the methamphetamine conviction with the sentences to be served concurrently. The trial court suspended the two-year sentence to probation.

[4] On August 31, 2016, McCall was at his residence in Mishawaka with his girlfriend, T.H., who was pregnant. McCall and T.H. apparently had a violent relationship. They argued, and T.H. slapped McCall. T.H. called McCall's stepmother about the argument. McCall then slapped T.H., knocking her glasses off, and repeatedly hit her on her face. T.H. left the house and called

McCall's stepmother again. When T.H. returned to the house to get her two children, McCall started hitting and slapping her again. McCall pushed her up against a wall, and his hands were on her throat. T.H. struggled with him and was eventually able to leave the house with the two children. T.H. called the police, who found her with blood on her lip and bruising on her neck and face. The officers then went to McCall's residence. McCall got very upset and "started yelling and cursing" at T.H. for calling the police. Tr. Vol. II p. 24. McCall claimed to have been battered by T.H., but the officers did not see any injuries on McCall.

[5] The State charged McCall with Level 5 felony domestic battery with bodily injury of a pregnant woman and Level 6 felony strangulation. At a bench trial, McCall claimed self-defense. The trial court found McCall guilty of Level 5 felony domestic battery but not guilty of strangulation. The trial court sentenced him to four years with two years suspended to probation.

[6] As a result of the new charges against McCall, the State filed a petition to revoke his probation. The trial court found that McCall had violated his probation and ordered him to serve his entire two-year previously-suspended sentence. McCall now appeals both his domestic battery conviction and the revocation of his probation.

# Analysis

## *I. Self-Defense*

[7] McCall claims that the State failed to rebut his self-defense claim. The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002). We neither reweigh the evidence nor judge the credibility of witnesses. *Id.* If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. *Id.*

[8] A valid claim of self-defense is legal justification for an otherwise criminal act. *Wallace v. State*, 725 N.E.2d 837, 840 (Ind. 2000). "A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force." Ind. Code § 35-41-3-2(c). To prevail on a self-defense claim, the defendant must show that he: (1) was in a place where he had a right to be; (2) acted without fault; and (3) was in reasonable fear or apprehension of bodily harm. *Henson v. State*, 786 N.E.2d 274, 277 (Ind. 2003). "When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements." *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002). "The State may meet this burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief." *Miller v. State*, 720 N.E.2d 696, 700 (Ind. 1999). "If a defendant is convicted despite his claim

of self-defense, this Court will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt." *Wilson*, 770 N.E.2d at 800-01.

[9] McCall argues that the State failed to rebut his "reasonable belief that he was in fear of bodily harm." Appellant's Br. p. 8. According to McCall, T.H. was the initial aggressor, she had hit him in the past, he had injuries after the altercation, and he was on home detention at the time and was unable to leave. However, the State presented evidence that, although T.H. admitted to slapping McCall during an argument, she then made a phone call. McCall then attacked T.H., slapping and hitting her. After T.H. escaped from him, she returned to the house to get her two children, and McCall attacked her a second time, again hitting her and holding her against the wall. "The amount of force that an individual may use to protect himself must be proportionate to the urgency of the situation." *Pinkston v. State*, 821 N.E.2d 830, 842 (Ind. Ct. App. 2004), *trans. denied*. "When a person uses more force than is reasonably necessary under the circumstances, the right of self-defense is extinguished." *Id.* Although T.H. slapped McCall, she had walked away from McCall and made a telephone call before McCall attacked her. McCall's use of force was not proportionate to the urgency of the situation and he used more force than was necessary under the circumstances. Further, McCall's claim that T.H. had significantly battered him was not supported by the evidence presented at the trial. The State presented sufficient evidence to disprove McCall's self-defense claim.

## II. Probation Revocation and Sentence

Next, McCall argues that the trial court erred by revoking his probation. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "The trial court determines the conditions of probation and may revoke probation if the conditions are violated." *Id.* Proof of a single violation of the conditions of a defendant's probation is sufficient to support a trial court's decision to revoke probation. *Hubbard v. State*, 683 N.E.2d 618, 622 (Ind. Ct. App. 1997). "If there is substantial evidence of probative value to support the trial court's conclusion that a probationer has violated any condition of probation, we will affirm its decision to revoke probation." *Braxton v. State*, 651 N.E.2d 268, 270 (Ind. 1995).

McCall's probation was revoked because of the new offense of domestic battery. On appeal, McCall argues only that the evidence is insufficient to sustain that domestic battery conviction because the State failed to rebut his claim of self-defense. We have rejected that argument, and the trial court properly revoked McCall's probation.

McCall also argues that the sentence imposed by the trial court for the revocation of his probation was an abuse of discretion. McCall argues that the trial court should not have imposed the entire suspended sentence because he was on house arrest and unable to leave the house to escape T.H., T.H. was the initial aggressor and had been violent in the past, and he had been doing well on home detention. A trial court's sentencing decisions for probation violations

are reviewable using the abuse of discretion standard. *Prewitt*, 878 N.E.2d at 188. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.* Upon a finding of a probation violation, a trial court may: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; and (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. I.C. § 35-38-2-3(h). McCall was given significant leniency when the trial court suspended his two-year sentence to probation. Despite the leniency, he battered his pregnant girlfriend. In the PSI, McCall admitted that he was drinking alcohol on the day of the incident. He also has a prior conviction for domestic battery. Given these circumstances, the trial court did not abuse its discretion by ordering McCall to serve the entire two-year suspended sentence as a result of the revocation of his probation.

## Conclusion

[13] The State presented sufficient evidence to rebut McCall's claim of self-defense. Further, the trial court properly revoked his probation and properly ordered him to serve his entire suspended sentence. We affirm.

[14] Affirmed.

May, J., and Bradford, J., concur.