## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 27 2018, 9:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Armando Nicasio,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 27, 2018

Court of Appeals Case No.
18A-CR-960

Appeal from the Madison Circuit Court

The Honorable Dennis D. Carroll, Senior Judge

Trial Court Cause No.
48D01-1009-FB-183

**Darden, Senior Judge.**

# Statement of the Case

Armando Nicasio appeals the trial court's determination that he violated the conditions of his probation. He further appeals the sentence the trial court imposed for his probation violation. We affirm.

# Issues

Nicasio raises two issues, which we restate as:

I.     Whether the trial court abused its discretion in admitting hearsay evidence during the probation revocation hearing.

II.    Whether the trial court abused its discretion while sentencing Nicasio for the probation violation.

# Facts and Procedural History

On September 23, 2013, the State charged Nicasio with aggravated battery, a Class B felony; battery resulting in serious bodily injury, a Class C felony; and illegal consumption of an alcoholic beverage, a Class C misdemeanor. Nicasio had fought with one of his cousins and fractured the cousin's skull. On March 11, 2011, Nicasio pleaded guilty as charged, pursuant to a plea agreement he had negotiated with the State. On April 11, 2011, the trial court accepted Nicasio's plea and imposed an aggregate sentence of fifteen years. The trial court ordered Nicasio to serve eight years of his sentence at the Department of Correction, with the remaining seven years suspended to probation. Nicasio did not appeal his sentence.

[4]     Nicasio served the executed portion of his sentence and was released to probation on March 3, 2014. On October 20, 2015, the State filed a notice of probation violation but subsequently dismissed it.

[5]     On April 14, 2016, the State filed a second notice of probation violation, which it amended on May 15, 2016. The trial court held an evidentiary hearing on June 14, 2016. During the hearing, Nicasio admitted to the following violations of the terms his probation: (1) he failed two drug screens, which showed the presence of cannabinoids in his system; (2) he failed to pay restitution; and (3) he failed to maintain employment and/or verify employment to the probation department. The trial court deferred determination of the sanction for ninety days. On September 13, 2016, the trial court chose not to impose any sanctions, ordering Nicasio to comply with the conditions of probation.

[6]     On November 16, 2017, the State filed a third notice of probation violation, which it amended on November 21, 2017. The State alleged that Nicasio violated the conditions of his probation by: (1) failing to report to the probation department; (2) failing to pay court costs; (3) failing to pay restitution; (4) failing to pay probation fees; (5) failing to pay public defender fees; and (6) committing new criminal offenses, specifically two counts of battery.

[7]     The trial court held an evidentiary hearing on March 26, 2018. Nicasio admitted that he had violated the terms of probation by skipping five appointments with his probation officer, failing to pay court costs, failing to pay

restitution, and failing to pay probation fees and public defender fees. Also, during the hearing, the State presented evidence without objection in support of its claim that Nicasio had committed two counts of battery. Officer Spencer Pettit of the Anderson Police Department testified that he had been dispatched to Nicasio's home, where he observed two individuals (Nicasio's brother and the brother's girlfriend), who told him Nicasio had struck and bit them. The officer further described, without objection, injuries he saw on the two victims. Next, Nicasio testified in his defense, and he denied battering anyone.

[8] The trial court accepted Nicasio's admissions to violating the conditions of his probation by missing meetings and failing to pay costs, restitution, and fees. The trial court further determined, based on the evidence presented, that Nicasio had also violated the conditions of probation by committing battery. At the end of the hearing, the trial court ordered Nicasio to serve three years of his previously-suspended sentence. This appeal followed.

# Discussion and Decision

## I. Admission of Hearsay Evidence

[9] Nicasio claims the trial court should not have considered hearsay testimony from the officer, arguing the hearsay evidence was not trustworthy. Before we address Nicasio's hearsay claim, we note it is well established that "probation may be revoked on evidence of violation of a single condition." *Heaton v. State*, 984 N.E.2d 614, 618 (Ind. 2013). Nicasio does not appeal the trial court's determination that Nicasio violated the conditions of his probation by missing

five probation appointments, failing to pay restitution, failing to pay court costs, failing to pay probation fees, and failing to pay public defender fees. As a result, we would affirm the trial court's determination that Nicasio had violated the conditions of his probation even if the trial court should not have admitted the hearsay evidence. *See Hubbard v State*, 683 N.E.2d 618, 622 (Ind. Ct. App. 1997) (affirming probation revocation even though one of the trial court's grounds for revocation was erroneous; other grounds supported revocation).

[10] Next, Nicasio did not raise any objections during Officer Pettit's testimony. He has thus waived his hearsay claim for appellate review. *See Jordan v. State*, 60 N.E.3d 1062, 1066 (Ind. Ct. App. 2016) (appellant waived challenge to special judge's authority by failing to object during evidentiary hearing).

[11] Waiver notwithstanding, a probation revocation proceeding is civil in nature, and the State must prove its allegations by a preponderance of the evidence. *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015). There is no right to probation, and the trial court has discretion whether to grant it, under what conditions, and whether to revoke it if conditions are violated. *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007). We review a trial court's decision to revoke probation for an abuse of discretion. *Whatley v. State*, 847 N.E.2d 1007, 1009 (Ind. Ct. App. 2006). As a result, although the Due Process Clause applies to probation revocation hearings, "probationers do not receive the same constitutional rights that defendants receive at trial." *Reyes*, 868 N.E.2d at 440.

[12] The minimum requirements of due process that inure to a probationer at a revocation hearing include: (a) written notice of the claimed violations of probation; (b) disclosure of the State's evidence; (c) an opportunity to be heard and present evidence; (d) the right to confront adverse witnesses; and (e) a neutral and detached hearing body. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008); *see also* Ind. Code § 35-38-2-3 (2015) (a defendant is entitled to "confrontation, cross-examination, and representation by counsel"). Nevertheless, courts may admit evidence during probation revocation hearings that would not be permitted in a criminal trial. *Reyes*, 868 N.E.2d at 440.

[13] During a probation revocation hearing, a trial court may admit hearsay evidence if the trial court determines the evidence is substantially trustworthy. *Id.* at 442. The absence of strict evidentiary rules in this context places particular importance on the fact-finding role of judges in assessing the weight, sufficiency, and reliability of proffered evidence. *Marsh v. State*, 818 N.E.2d 143, 146 (Ind. Ct. App. 2004).

[14] In this case, Officer Pettit testified at Nicasio's probation revocation hearing that he was dispatched to Nicasio's home on November 20, 2017, to investigate a report of battery. Although Nicasio lived with his brother, Roberto Nicasio, Pettit encountered Roberto and Roberto's girlfriend, Harley Santiago, outside the house. He noticed that Roberto had a swollen, bruised left eye. In Pettit's experience as an officer, that injury was consistent with being struck in the face.

[15] Officer Pettit testified that Roberto told him Nicasio bit him and also struck him with a closed fist. He further testified that Harley told him that Nicasio hit her in the face while she tried to separate the two brothers. Pettit observed that Harley was bleeding from her mouth, and her teeth were "covered in blood." Tr. p. 12. Pettit prepared the probable cause affidavit that provided the basis for the battery charges against Nicasio. The trial court, in determining that Nicasio "more likely than not" committed the batteries, indicated that it accepted Pettit's version of events because witnesses who lie to police officers could be held responsible for false reporting. *Id.* at 28.

[16] Based on this evidence, we conclude Officer Pettit's hearsay testimony was substantially trustworthy, and no error resulted from its admission. *See Marsh*, 818 N.E.2d at 146 (no error in admitting case manager's hearsay testimony about attack on child; case manager met with the child and observed the child's injuries); *cf. Mateyko v. State*, 901 N.E.2d 554, 558 (Ind. Ct. App. 2009) (probation officer's hearsay testimony deemed not to be substantially trustworthy; officer merely described what another probation officer had told her and had not been involved in the underlying investigation), *trans. denied*.

## II. Sentencing

[17] Nicasio claims the trial court erred in ordering him to serve three years of his previously-suspended seven-year sentence. He states that the trial court's battery findings are not supported by trustworthy evidence, and the remaining violations are "far less serious." Appellant's Br. p. 13.

[18] If a trial court determines a person has violated a condition of probation, the trial court may: (1) continue the person on probation; (2) extend the probationary period; and/or (3) order execution of all or part of the previously-suspended sentence. Ind. Code § 35-38-2-3. "Failure to pay fines or costs (including fees) required as a condition of probation may not be the sole basis for commitment to the department of correction." *Id.* We review a trial court's choice of sanctions for an abuse of discretion. *Castillo v. State*, 67 N.E.3d 661, 664 (Ind. Ct. App. 2017), *trans. denied*.

[19] In this case, the trial court had previously determined that Nicasio had violated the conditions of his probation, but on that occasion the trial court declined to impose a sanction. Nicasio failed to take that penalty-free opportunity to correct his behavior and, instead, chose to commit the violations at issue here. His commission of new battery offenses is particularly concerning because he was originally convicted of battery. Nicasio has not learned from past punishments but, rather, continues to commit the same offenses.

[20] Further, we agree with the trial court that Nicasio's failure to attend five probation meetings is "a big deal." Tr. p. 26. As the trial court stated, "it makes it impossible for the probation department to do its job when you don't show up for your meetings." *Id.* In addition, Nicasio's decision to miss the meetings is troubling because he admitted that he had been under the influence of a controlled substance, K2, during those times and had hoped to avoid submitting to drug screens.

Finally, Nicasio's failure to pay restitution, court costs, probation fees, and public defender fees is troubling because Nicasio told the trial court that he had been employed "seventy-five (75) to eighty percent (80%)" of the time he had been on probation, yet the record fails to reflect he has made any payments for his obligations. *Id.* at 29. His failure to pay restitution is particularly egregious because he committed the original offense over seven years ago, and his victim has been waiting for restitution for an unreasonable amount of time.

For these reasons, we cannot conclude the trial court abused its discretion by ordering Nicasio to serve three years of his previously-suspended sentence. *See Jones v. State*, 838 N.E.2d 1146, 1149 (Ind. Ct. App. 2005) (no abuse of discretion in ordering defendant to serve thirty years of a previously-suspended sentence; defendant committed a new crime, failed to report to the probation office, and traveled without permission).

# Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Brown, J., and Altice, J., concur.